UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Diane Renzi

    v.                                    Civil No. 16-cv-039-JD
                                       Opinion No. 2016 DNH 103
Thomas E. Perez, Secretary
United States Department of Labor


O R D E R

Diane Renzi has brought suit against Thomas E. Perez, Secretary of the United States Department of Labor, challenging the denial of her federal workers' compensation claim under the Federal Employees' Compensation Act ("FECA"). She alleges that in denying her claim the Secretary violated FECA mandates and her constitutional rights to due process and equal protection. The Secretary moves to dismiss for lack of subject matter jurisdiction.[1]

Standard of Review

A defendant may challenge the jurisdictional basis of the suit by moving to dismiss under Rule 12(b)(1). In deciding a

---

[1] Although the Secretary cites both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in the motion to dismiss, the memorandum in support of the motion proceeds under only Rule 12(b)(1). Therefore, the court construes the motion as seeking to dismiss the claims due to a lack of subject matter jurisdiction under Rule 12(b)(1).

motion under Rule 12(b)(1), the court "credit[s] the plaintiff's well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). "The district court may also consider whatever evidence has been submitted, such as depositions and exhibits."[2]  Id.

## Background[3]

Renzi worked as a Passport Specialist for the Department of State in Portsmouth, New Hampshire. On October 6, 2011, Renzi fell while walking up the stairs at work, injuring her hands, her right shoulder, and her knees. She filed a claim for workers' compensation benefits, and the Office of Workers' Compensation Programs ("OWCP") accepted her claim on January 26, 2012. Renzi received workers' compensation benefits through May of 2013 and then again in October and November of 2013 after

---

[2] Renzi asserts that the Secretary is moving to dismiss under Rule 12(b)(6), although she also acknowledges Rule 12(b)(1). Based on the limited scope of review under Rule 12(b)(6), Renzi argues that the motion must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). Because the motion seeks dismissal due to a lack of subject matter jurisdiction under Rule 12(b)(1), not failure to state a claim under 12(b)(6), the additional evidence submitted by the parties may be considered without converting the motion to one for summary judgment.

[3] Consonant with the standard of review, the background information is taken from Renzi's complaint and additional evidence submitted by the parties.

knee surgery.  The OWCP also approved a schedule award to Renzi because of permanent impairment to her right arm and left leg caused by the fall.

On September 27, 2013, Renzi filed a new claim with the OWCP due to osteoarthritis in her left thumb that she asserted made her unable to work.  She alleged that the osteoarthritis was caused by repetitive hand activities at work and was aggravated and accelerated by the fall.  Renzi asked that her two claims be merged, and the OWCP agreed to merge the claims.

On February 6, 2014, the OWCP denied Renzi's claim because she had not shown a causal relationship between the osteoarthritis in her thumb and her work.  The OWCP explained that the medical opinions Renzi provided, which stated that the fall and work activities "more likely than not" contributed to her osteoarthritis condition, were equivocal as to causation. Renzi then sought reconsideration and submitted additional medical opinions.

The OWCP again found the medical opinion evidence lacked an unequivocal opinion that Renzi's degenerative osteoarthritis was directly related to her work duties.  The OWCP stated that the medical opinion must provide "a complete and accurate history of [her] condition and the potential contributing factors" and a "firm and unequivocal opinion" that work caused her

osteoarthritis condition.  The OWCP issued its final decision denying Renzi's application on September 28, 2015.  Renzi did not appeal that decision.

Renzi filed this action on February 6, 2016.  She asserts subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 8101, et seq.  She alleges that the Secretary, through the OWCP, violated her "constitutional rights and statutory mandates of the Federal Employees Compensation Act (FECA), 5 USC § 8101 et seq."  She brings seven counts titled:  Burden of Proof, Burden of Proof on Causation, Probative Value, Timeliness, Process Due, Equal Protection, and Damages.

## Discussion

The Secretary moves to dismiss Renzi's claims on the ground that the court lacks jurisdiction to review the decision of the OWCP denying Renzi's workers' compensation claim under FECA.  The Secretary also challenges Renzi's claim for damages.  In response, Renzi argues that jurisdiction exists to consider her claims that the OWCP violated her rights to procedural and substantive due process and equal protection and that the OWCP violated FECA mandates in denying her claim.  The Secretary filed a reply, and Renzi filed a surreply.

Under FECA, § 8101, et seq., a decision by the OWCP to deny workers' compensation benefits is "final and conclusive for all

purposes and with respect to all questions of law and fact; and [] not subject to review by another official of the United States or by a court by mandamus or otherwise." § 8128(b). As such, FECA unambiguously and comprehensively bars "any judicial review of the Secretary's determination of FECA coverage." Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991). Despite the statutory preclusion to review of FECA coverage decisions, a court has jurisdiction to hear constitutional challenges to the administration of FECA.[4] Paluca v. Sec'y of Labor, 813 F.2d 524, 526 (1st Cir. 1987); accord Cooper v. Chao, 71 F. App'x 76, 77 (1st Cir. 2003).

To provide jurisdiction within the exception, a constitutional claim must not be "so attenuated and unsubstantial as to be absolutely devoid of merit." Palucca, 813 F.2d at 526. That is, a cognizable constitutional claim must be "specific and substantive." Cooper, 71 F. App'x at 77. Therefore, a conclusory allegation of a constitutional challenge is not enough to avoid preclusion under § 8128(b). Stone v. Chao, 284 F. Supp. 2d 241, 246 (D. Mass. 2003).

Although a few courts have found an exception to the bar on judicial review for claims that the OWCP violated a clear FECA

---

[4] In light of the plain meaning of § 8128, Renzi's theory that § 8128(b) does not apply to her claims is not persuasive.

mandate, the First Circuit recognizes only the exception for constitutional challenges.[5] Cooper, 71 F. App'x at 77; Palucca, 813 F.2d at 528; Taylor v. United States, 2011 WL 2200825, at *3 (D. Mass. June 6, 2011). Therefore, the court lacks jurisdiction to consider Renzi's claims in Counts I, II, IV, and V that the OWCP violated a clear FECA mandate by requiring a standard of proof higher than a preponderance of the evidence and by taking too long to reach a decision.

A. Due Process

Renzi alleges in her complaint that the OWCP violated her right to due process, but she does not distinguish between procedural and substantive due process. In her objection to the Secretary's motion to dismiss, however, Renzi argues that the OWCP violated her rights to both substantive due process and procedural due process. The Secretary contends that Renzi has not stated a colorable due process violation and instead merely attacks the OWCP's decision to deny her claim for benefits.

"The Due Process Clause of the Fifth Amendment guarantees that 'no person shall . . . be deprived of life, liberty, or property, without due process of law.'" United States v. James

---

[5] Even if the First Circuit were to recognize the additional exception, Renzi did not show that the OWCP violated a clear FECA mandate.

Danial Good Real Prop., 510 U.S. 43, 48 (1993).  Therefore, "individuals must receive notice and an opportunity to be heard before the Government deprives them of property."  Id.  In addition, substantive due process protects against a governmental abuse of power that shocks the conscience.  County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998).

   1.  Procedural Due Process

   Renzi argues in her objection to the motion to dismiss that the OWCP violated her right to procedural due process by failing to evaluate her medical opinion evidence "in a meaningful manner," by allowing two of the claims examiners to participate in the claims proceedings and decide her requests for reconsideration, and by taking too long to process her claim. She also argues that she did not receive adequate notice because the FECA regulatory standards for medical evidence are vague and inconsistent.  The Secretary contends that no procedural due process violation occurred because Renzi had notice and an opportunity to be heard before her claim for FECA benefits was denied.

   a.  Notice

   Renzi argues that she did not have adequate notice of the requirements for being awarded FECA benefits because the FECA

regulations impose vague and inconsistent standards. She did not allege any insufficiency of notice in her complaint, however. Even if she had properly raised an issue as to notice, her theory lacks merit.

In support, she argues that the standard for supporting a new claim for benefits, 20 C.F.R. § 10.115, is different from the standard for evidence to support a continuation of benefits, 20 C.F.R. § 10.501(a)(3), and that the difference renders the statutory scheme vague and inconsistent. Section 10.115 requires medical evidence to support a new claim that is "reliable, probative and substantial." Because Renzi was not seeking a continuation of previously awarded benefits, § 10.501(a)(3) did not apply to her claim. Renzi, who is represented by counsel, does not persuasively show that the regulations are vague or inconsistent or caused any confusion in the presentation of her claim for benefits.[6]

   b.  Opportunity to Be Heard

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976)

---

[6] Even if she had been confused about the appropriate standard, despite being represented by counsel, the OWCP repeatedly explained the required standard.

8

(internal quotation marks omitted).  There is no dispute that Renzi was heard on her claim for FECA benefits and received a decision on the claim less than five months after the claim was filed.  The OWPC also considered and ruled on Renzi's multiple requests for reconsideration.  Renzi did not appeal her claim to the Employees' Compensation Appeals Board.  Those circumstances do not show any lack of opportunity to be heard or unwarranted delay.

Renzi argues, however, that the OWCP's review of her claim was not meaningful because the standard for medical evidence was too onerous and because two claims examiners who made reconsideration decisions had previously been involved in her claim proceedings.  Renzi's attack on the standard does not raise a due process issue and instead simply challenges the OWCP's decision on the merits.

"[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities." Schweiker v. McClure, 456 U.S. 188, 195 (1982).  Administrative agencies must also operate with impartial decision makers. Withrow v. Larkin, 421 U.S. 35, 46 (1975).  Bias may be presumed when the decision maker has a pecuniary interest in the outcome and when the decision maker "has been the target of personal abuse or criticism from the party before him."  Id. at 47.  On

the other hand, combined functions in an administrative agency for investigation and adjudication do not support a presumption of bias.  Id. at 56.

With respect to the impartiality of the claims examiners, Renzi argues that Claims Examiners Kim and Janowski were biased because they were involved in her claims adjudication process and then made reconsideration decisions.  Claims Examiner Kim issued OWCP reconsideration decisions dated June 14, 2014, and May 13, 2015, on different but related claims that were later combined.  Claims Examiner Janowski issued the initial OWCP notice of receipt of Renzi's second claim on December 30, 2013, and the last decision on reconsideration issued on September 28, 2015.  Renzi does not explain why those actions demonstrate a lack of impartiality, and none may be presumed.  Therefore, the cited circumstances do not show any lack of impartiality.

Renzi has not stated a claim that the OWCP violated her right to procedural due process.

2.  Substantive Due Process

Substantive due process protects against certain deprivations by the government regardless of whether procedural due process was sufficient.  Gonzalez-Fuentes v. Molina, 607 F.3d 864, 880 (1st Cir. 2010).  To state a claim for protection under substantive due process, a plaintiff must allege facts

that show she "suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience." Najas Realty, LLC v. Seekonk Water District, --- F.3d ---, 2016 WL 1732730, at *7 (1st Cir. May 2, 2016). To meet the conscience shocking standard, the challenged action must demonstrate "an extreme lack of proportionality," that is, a "violation[] of personal rights so severe, so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of power literally shocking to the conscience." Harron v. Town of Franklin, 660 F.3d 531, 536 (1st Cir. 2011) (internal quotation marks omitted).

Renzi argues that the OWCP violated her right to substantive due process by imposing a standard higher than a preponderance of the evidence for medical evidence. As is discussed above, the applicable FECA regulation, § 10.115, requires medical evidence to support a new claim that is "reliable, probative and substantial." Renzi has not shown that the OWCP failed to apply the governing standard, much less that it acted in a way that would shock the conscience.

Therefore, Renzi has not stated a claim that the Secretary violated her substantive due process rights.

B.  Equal Protection

To state an equal protection violation, a plaintiff must allege facts that show the government subjected her to disparate treatment "compared with others similarly situated in all relevant respects." Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014) (internal quotation marks omitted).  The plaintiff "must show that the parties with whom [she] seeks to be compared have engaged in the same activity vis-à-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison inutile."  Id. at 66.  When, as here, the plaintiff is a "class of one," rather than part of a protected group, she would have to show that the defendant "intentionally treated [her] differently from others similarly situated and there was no rational basis for this disparate treatment." Najas Realty, 2016 WL 1732730, at *6.

Renzi alleges that she "has been intentionally treated differently than similarly situated federal employees who have been awarded FECA benefits based on less proof and evidence than the Secretary has required of her."  Complaint, ¶ 82.  In support, Renzi alleges only that "[t]housands of FECA claimants have been awarded benefits" based on medical opinions and other

medical evidence that did not meet the standards required of her.  Id., ¶¶ 83-85.  She provides no specific factual allegations about what proof may have been provided or required in other cases.

A conclusory recitation of the legal elements of an equal protection claim is insufficient to state a claim.  See, e.g., Vazquez-Velasquez v. P.R. Highway & Trans. Auth., 2016 WL 183653, at *10 (D.P.R. Jan. 14, 2016); Soto-Caro v. Velez-Lorenzo, 2015 WL 9412530, at *4 (D.P.R. Dec. 22, 2015).  Instead, in the context of a FECA claim, a plaintiff must allege facts to show that she was similarly situated to other applicants for FECA benefits and was treated less favorably.  See Crane v. United States, 2014 WL 1328921, at 5 (M.D. Fla. Apr. 2, 2014) (allegations that another FECA applicant was awarded benefits for chiropractic care insufficient).  Renzi has not alleged sufficient facts to support her equal protection claim.

Further, in response to the Secretary's motion to dismiss a FECA claim under Rule 12(b)(1), Renzi bears the burden to show, with sufficient evidentiary support, that the court has jurisdiction to consider her claim.  See, e.g., Escalante v. United States, 2014 WL 695091, at *1 (N.D. Cal. Feb. 21, 2014); Gibbs v. United States, 865 F. Supp. 2d 1127, 1135 (M.D. Fl.

2012); Bolte v. Chao, 2007 WL 1464562, at *3 (N.D. Ohio May 17, 2007); Kerrigan v. Chao, 2004 WL 2397396, at *1 (E.D. Pa. Oct. 26, 2004). Renzi provides no evidence of disparate treatment in opposition to the Secretary's motion to dismiss under Rule 12(b)(1).[7] Instead, in her surreply, Renzi argues that the evidence of disparate treatment is within the Secretary's control and that she will need discovery to obtain evidence to support her equal protection claim.[8]

In the absence of some factual support, Renzi's equal protection claim is meritless.

C.  Damages

The Secretary also challenges Renzi's claim for damages, because damages would be available, if at all, only through the Federal Tort Claims Act ("FTCA"). The Secretary contends that Renzi cannot bring a claim under the FTCA in this court because she has not made an administrative claim as is required by

---

[7] For example, she does not cite cases from the Employees Compensation Appeals Board to show that she has been treated differently from other applicants who were similarly situated to her.

[8] Renzi does not elaborate as to what discovery she anticipates. Because her allegation is that thousands of FECA claimants were granted benefits based on less evidence than she provided, it would appear that Renzi intends to request discovery about the medical proof provided by thousands of other claimants, along with other information about the claimants to show that she was similarly situated.

28 U.S.C. § 2675(a). Renzi acknowledges that she would have to pursue a claim under the FTCA to be entitled to damages and does not assert that claim here.

Renzi has not alleged a claim under the FTCA, and she is not entitled to damages in this action.

D. Summary

Renzi's claims that the OWCP violated clear FECA mandates do not fall within the narrow exception to the bar on judicial review of FECA decisions. She has not stated claims of due process or equal protection violations. In addition, her claim for damages is dismissed.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted due to a lack of jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                   _____
                                   Joseph DiClerico, Jr.
                                   United States District Judge

June 22, 2016
cc: James G. Noucas, Jr., Esq.
    T. David Plourde, Esq.